# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JERMAINE FAISON                              *
           Petitioner,

    v.                                    *      CIVIL ACTION NO. CCB-12-2791

UNITED STATES OF AMERICA        *
           Respondent.

                         ***

## MEMORANDUM

Pursuant to the entry of a guilty plea, petitioner was sentenced to a cumulative 272-month term as to one count of bank robbery and one count of use of a weapon during a crime of violence in violation of 18 U.S.C. §§ 2113(a) and § 924(c).  Judgment was entered on March 9, 2001.  *See United States v. Faison*, Criminal No. CCB-00-0296 (D. Md.).   The judgment was affirmed on appeal on September 27, 2001.  *See United States v. Faison*, 20 Fed. Appx. 141 (4th Cir. 2001).   On June 13, 2002, petitioner filed his first motion to vacate under 28 U.S.C. § 2255.  *See United States v. Faison*, Criminal No. CCB-00-0296 (D. Md.)  at ECF No. 75.   The motion was denied on April 28, 2004.  *Id*. at ECF Nos. 101 & 102.   The appeal was dismissed and a certificate of appealability was denied on September 15, 2004.  *See United States v. Faison*, 109 Fed. Appx. 539 (4th Cir. 2004).

 On September 28, 2009, petitioner filed his second motion to vacate.  *See United States v. Faison*, Criminal No. CCB-00-0296 (D. Md.)  at ECF No. 109.  The motion was dismissed without prejudice as successive.  *Id*. at ECF Nos. 110  & 111.   Finally on October 17, 2011, petition filed a third motion to vacate which was again dismissed without prejudice as successive.   *Id*. at ECF Nos. 114 & 115.

On or about September 17,  2012, the court received petitioner's latest filing, captioned as a "Title 28 U.S.C.  § 1651 motion to correct an illegal sentence."  The petition, instituted as a petition under the "All Writs Act,"  raises a ground going to the legality of petitioner's sentence, claiming

that the court erroneously used "insubstantial documentation" to impermissibly count his second-degree assault conviction in the Maryland state court as a predicate offense for purposes of career offender enhancements under §§ 4B1.1 & 4B1.2 of the U.S. Sentencing Guidelines.  ECF No. 1 Petitioner further alleges that counsel was ineffective for failing to review and retain court records of his state assault conviction.  He asks the court to conduct a de novo review as to whether his Maryland second-degree assault conviction qualifies as a crime of violence for purposes of a sentencing enhancement.[1]  *Id.*

Plainly, this petition represents a collateral attack on petitioner's underlying bank robbery and use of a weapon convictions and sentences.  Ordinarily, a collateral attack on the imposition of sentence should be brought as a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.  *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977); *In re Jones*, 226 F.3d 328, 332-33 (4th Cir.  2000).  Pursuant to the "savings clause" in 28 U.S.C. § 2255, however, a federal prisoner may apply for a writ of habeas corpus challenging his conviction or imposition of sentence under 28 U.S.C. § 2241 "if it appears that the remedy afforded under

§ 2255 is inadequate or ineffective to test the legality of his detention." *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

The United States Court of Appeals for the Fourth Circuit delineated the circumstances in which a federal prisoner may invoke the savings clause of § 2255.  Specifically, the Circuit held that § 2255 is inadequate and ineffective, and that § 2241 may be utilized to attack a federal conviction, when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to

---

[1]    According to the docket, neither the filing fee nor an indigency application accompanied the

be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones,* 226 F.3d at 333–34.

The Fourth Circuit has held that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *Id.* at 333, citing *Charles,* 180 F.3d at 756 ("The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255."). Here, petitioner cannot meet his burden of showing that relief under § 2255 is inadequate or ineffective.      As petitioner is well aware, a "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Fourth Circuit must first enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996).

Petitioner has been specifically denied relief under § 2255 in a previous motion to vacate. It does not appear that he has complied with this "gatekeeper" provision and received Fourth Circuit authorization, *see In re Jermaine Faison*, COA No. 11-277 (4th Cir. November 14, 2011) (denial of petitioner's § 2244 authorization motion), and this court is therefore without jurisdiction to consider another § 2255 request. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc). Since petitioner has failed to comply with the procedural requirements of 28 U.S.C. § 2244 for a second or successive petition pursuant to § 2255, his motion to vacate shall be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

---

pleading. In light of the decision by the court, petitioner shall not be required to cure this deficiency.

3

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are comprehensive.  Consequently, the Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should  petitioner wish to seek authorization in the appellate court to file a successive § 2254 petition.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.  A separate Order follows.



Date: September 25, 2012                              _____/s/_____
                                                     Catherine C. Blake
                                                     United States District Judge

4